Kevin P. McCulloch (D.C. Bar No. 502494)
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

MIRJAM LETSCH,                                    Civil Action No.

      *Plaintiff*,

      v.                                          **COMPLAINT**
                                                 **AND DEMAND FOR JURY TRIAL**
SOUTHERN PROPER HOSPITALITY, LLC;
CHRIS HADERMAN; RD STUDIO, DRAFTING
SERVICES, INC. d/b/a RDSTUDIO, INC.; and ABC
IMAGING OF WASHINGTON, INC.,

      *Defendants*.

---

Plaintiff Mirjam Letsch ("Plaintiff"), by and through undersigned counsel, pursuant to the

applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a

trial by jury of all claims and issues so triable, and for her Complaint against Defendants Southern

Proper Hospitality, LLC ("SPH"); Chris Haderman ("Haderman"); RD Studio, Drafting Services

Inc. (d/b/a RD Studio, Inc.) ("RDS"); and ABC Imaging of Washington, Inc. ("ABC")

(collectively "Defendants"), asserts and alleges as follows:

**PARTIES**

1.      Plaintiff Mirjam Letsch is professional photographer.

2.      Plaintiff is the sole creator (or author) and registered owner of the copyrights in and to an original photograph titled "Portrait of a woman from the Bhopa tribe in the Indian desert state of Rajasthan, drinking chai (traditional masala tea)" (hereinafter the "Photograph").

3.      Upon information and belief, Defendant SPH is a company formed by a group of restauranteurs to develop and operate various restaurants and similar business.

4.      Upon information and belief, Defendant SPH is based in Atlanta, Georgia with a principal office at 2030 Powers Ferry road, Suite 460.

5.      Upon information and belief, Defendant SPH owns and/or operates 23 restaurants, including restaurants in Atlanta and Washington, D.C.

6.      Upon information and belief, Defendant SPH owns and operates the restaurant Gypsy Kitchen located at 3035 Peachtree Road NE, Atlanta, Georgia ("Gypsy Kitchen Atlanta").

7.      Upon information and belief, Defendant SPH owns and operates a second Gypsy Kitchen restaurant in Washington, D.C., which it opened in 2020, located at 1825 14th Street NW, Washington, DC 20009 ("Gypsy Kitchen D.C.").

8.      Upon information and belief, Defendant SPH also owns and/or operates a website located at URL address http://www.gk-atl.com/.

9.      Upon information and belief, Defendant SPH also owns and/or operates the social media webpages locate at the following URL addresses:

- https://www.facebook.com/events/591089461064084/?post_id=591089471064083&view=permalink
- https://www.yelp.com/biz/gypsy-kitchen-atlanta?start=120

10.    Upon information and belief, Defendant Haderman is a managing partner of Defendant SPH and lives in Atlanta, Georgia.

11.    Upon information and belief, Defendant Haderman is primarily and directly and personally responsible for the infringing conduct of Defendant SPH as alleged herein, and he directly and personally profited from SPH's illegal conduct.

12.    Upon information and belief, Defendant RDS is a full-service residential, restaurant, retail design and project management studio located at 363 Westchester Avenue, Port Chester, New York 10573.

13.    Upon information and belief, Defendant RDS also owns and/or operates the social media webpages located at the URLs https://www.instagram.com/rdstudioinc/ and https://www.facebook.com/rdstudioinc/.

14.    Upon information and belief, Defendant ABC is a printing service with a corporate headquarters located at 5290 Shawnee Road, Suite 300, Alexandria, Virginia 22312.

15.    Upon information and belief, Defendant SPH, either directly through Defendant Haderman or through its agent RDS, engaged ABC to print and/or otherwise create the infringing large-scale print of Plaintiff's Photograph that was displayed at and used by Defendants to advertise SPH's Gypsy Kitchen D.C. restaurant, as alleged herein.

## JURISDICTION AND VENUE

16.    This is an action for copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501, based on Defendants' unauthorized copying, distributing, displaying, publishing, and exploiting of Plaintiff's copyrighted Photograph.

17.    Jurisdiction for Plaintiff's claims lies with the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil

actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights and unfair competition).

18.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a).

19.     Defendants committed copyright infringement in this District by displaying, copying, and including in promotional materials Plaintiff's copyrighted work at issue in this action.

## GENERAL ALLEGATIONS

20.     Plaintiff created and owns all copyrights in and to the Photograph at issue here:



21.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's original Photograph that is at issue in this action.

### *Gypsy Kitchen Atlanta*

22.     In or about 2014, a representative and agent of Defendant SPH, Lacina Heitler Architects ("LHA"), requested permission and a license from Plaintiff to use the Photograph "once" for a large "mural" in the Gypsy Kitchen Atlanta restaurant that was being developed for SPH.

23.     In requesting this license in 2014, SPH's agent never sought or requested a license that including any digital advertising or marketing rights and did not disclose any intent to use the Photograph in any digital advertising or marketing.

24.     In requesting this license in 2014, SPH's agent never sought or requested a license to reuse the Photograph in any other existing or future restaurants.

25.     In requesting this license in 2014, SPH's agent repeatedly advised Plaintiff that SPH intended to use the Photograph only "once" in a single restaurant in Atlanta.

26.     Based on these representations, Plaintiff agreed to grant a license to SPH and subsequently issued a limited and non-exclusive license to LHA, on behalf of SPH, that permitted the use of the Photograph only in a single vinyl-print "mural" and only in a single SPH restaurant.

27.     The express restrictions of the license granted to SPH made clear that the "only" use permitted was in a single mural and no other rights or uses were permitted, including but not limited to creating derivative works that included the Photograph and/or using copies or photographs of the mural featuring the Photograph in online/digital marketing and advertising campaigns for SPH's Gypsy Kitchen Atlanta restaurant.

28.    Despite these clear and express restrictions, SPH repeatedly created and used unauthorized reproductions of the Photograph for advertisements and publicity related to its Gypsy Kitchen Atlanta restaurant and more broadly to promote its own brand.

29.    Attached hereto as <u>Exhibit 2</u> are screen captures of uses of the Photograph that, upon information and belief, were published by SPH on various websites and/or social media associated with and/or operated by SPH.

30.    As shown in Exhibit 2, Defendant SPH used the Photograph in digital marketing and advertising for its Gypsy Kitchen Atlanta restaurant.

31.    Upon information and belief, Defendant SPH continues to use the Photograph in digital marketing and advertising for its Gypsy Kitchen Atlanta restaurant despite receiving express notice that such uses are not permitted under its license.

32.    Given the scope of the SPH's unauthorized uses in multiple locations, advertisements, and on social media, SPH effectively used and continues to use the Photograph as a trademark for its Gypsy Kitchen chain and has gained substantial revenue promoting its restaurant using the Photograph.

33.    Defendant SPH used the Photograph online and on social media to promote the "Gypsy Kitchen" brand and SPH itself without permission and in violation of its limited license.

***Gypsy Kitchen D.C.***

34.    In or about February 2020, Defendant RDS, acting as a representative and agent of Defendant SPH, requested an additional license to use the Photograph in a second mural to be displayed in another SPH Gypsy Kitchen restaurant opening in Washington, D.C.

35.    After being advised of the cost for an additional license, RDS ceased responding to communications from Plaintiff and failed to make the payment required to purchase the license.

36.    Due to its failure to respond and pay the required licensing fee, Plaintiff did not grant a license to RDS or SPH, and neither RDS or SPH was granted any rights to reuse the Photograph.

37.    On or about April 16, 2020, Plaintiff contacted Defendant RDS to confirm and provide express notice that SPH was not granted and did not have any license, rights, authorization, or permission to reuse the Photograph in any manner whatsoever.

38.    Also on or about April 16, 2020, Plaintiff expressly advised and notified Defendant Haderman that SPH was not granted and did not have any license, rights, authorization, or permission to reuse the Photograph in any manner whatsoever.

39.    On or about April 16, 2020, Defendant Haderman responded to Plaintiff's express notice – thus making clear that he and SPH were aware that they had no rights or license to reuse the Photograph – by simply stating "Good luck," indicating his intent to authorize the other Defendants to proceed with their intended uses of the Photograph despite Haderman knowing that no rights or license to reuse the Photograph had been granted by Plaintiff and despite being specifically advised by Plaintiff that SPH was not permitted to reuse the Photograph.

40.    Upon information and belief, either Defendant RDS or Haderman, both of whom were acting on behalf of and as agents for SPH, authorized and contracted Defendant ABC to create a large-scale print to be displayed in SPH's Gypsy Kitchen D.C. restaurant.

41.    Upon information and belief, Haderman/SPH also authorized RDS to use the Photograph to promote, advertise, and publicize SPH's new Gypsy Kitchen D.C. restaurant, including by publishing an unauthorized copy of the Photograph on RDS' digital platforms and social media.

42.    Attached hereto as <u>Exhibit 3</u> are screen captures of online posted photographs of the unauthorized use of the Photograph in SPH's Gypsy Kitchen D.C. restaurant.

43.    Plaintiff became aware of the infringing uses of her Photograph by SPH to advertise and promote SPH's Gypsy Kitchen Atlanta restaurant only after becoming aware of the Defendants' knowing and willful unauthorized use of her Photograph in the Gypsy Kitchen D.C. restaurant.

44.    Defendants have benefitted and continue to benefit financially from the uncompensated and illegal copying, displaying, publishing, and exploiting of Plaintiff's Photograph.

45.    Defendants' unlicensed, unauthorized, and uncompensated copying and exploitation of Plaintiff's creative work injured Plaintiff, including by depriving Plaintiff of the rightful compensation for the use of her creative work and infringing on her exclusive rights to control of the copying and exploitation of this creative work.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**
**AGAINST ALL DEFENDANTS**

46.    Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

47.    Plaintiff owns the copyright in and to the Photograph.

48.    Plaintiffs' copyright in the Photograph is registered with the U.S. Copyright Office under Registration No. VA 2-243-254.

49.    All Defendants copied, published, displayed, and/or exploited Plaintiff's Photograph without license or permission or authorization and/or in excess of any prior license or permission or authorization as alleged herein.

50.    Defendants did not secure prior permission, authorization, or a license to copy or exploit Plaintiff's creative work in any manner related to the Gypsy Kitchen D.C. restaurant, including (i) ABC creating a large-scale print of the Photograph; (ii) SPH and Haderman displaying the infringing print and publishing unauthorized copies of the Photograph online and using the Photograph in advertising and marketing without a license or permission; and (iii) RDS publishing a copy of the Photograph online to advertise and promote itself and SPH's restaurant without permission.

51.    Upon information and belief, Defendant Haderman exercised control over all actions undertaken by SPH as alleged herein with respect to the use of Plaintiff's Photograph and is directly responsible for and also could have acted to prevent the infringements by SPH and the other Defendants alleged herein.

52.    Upon information and belief, Defendants SPH and Haderman are directly responsible for causing Defendants RDS and ABC to reproduce, print, publish, and distribute Plaintiff's Photograph without proper licensing.

53.    By infringing Plaintiff's copyright in and to the Photograph including by creating and publicly displaying a large-scale print of the Photograph in SPH's Gypsy Kitchen D.C. restaurant and in digital marketing and advertising materials as alleged herein, Defendants misappropriated Plaintiff's intellectual property for their own profit, causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

54.    Defendants' unauthorized uses of Plaintiff's copyrighted work was willful, intentional, and/or reckless.

55.    Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringing uses of

Plaintiff's creative work and the damages suffered as a result of the lack of compensation, credit, and attribution.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter to the extent that they may be available under the law.

**COUNT II**
**CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT**
**AGAINST DEFENDANTS SPH AND HADERMAN**

56.     Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

57.     The conduct by Defendants SPH and Haderman alleged herein constitutes contributory and/or vicarious copyright infringement

58.     Through their actions, Defendants SPH and Haderman knowingly encouraged, materially contributed to, facilitated, induced, or otherwise are responsible for the directly infringing acts carried out by Defendants RDS and ABC.

59.     Defendants SPH and Haderman had the ability to prevent Defendants RDS and ABC from copying and publishing Plaintiff's Photograph by not distributing copies and/or printing unauthorized copies of Plaintiff's Photograph.

60.     Defendants SPH and Haderman received a financial benefit from the other Defendants' unauthorized uses of Plaintiff's Photograph, including through increased profits/revenue, brand recognition, and advertising value generated therefrom.

61.     Defendants SPH and Haderman had the right and/or practical ability to prevent Defendants' RDS and ABC unauthorized uses of Plaintiff's Photograph by taking the proper steps to ensure compliance with the terms of any license and/or to secure an additional license to reuse the Photograph.

62.     The conduct by Defendants SPH and Haderman was knowing and willful.

63.     Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringing uses of Plaintiff's creative work and the damages suffered as a result of the lack of compensation, credit, and attribution.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter to the extent that they may be available under the law.

**WHEREFORE,** Plaintiff respectfully prays for judgment on her behalf and for the following relief:

1.     A preliminary and permanent injunction against Defendants precluding Defendants from further using the Photograph in print, promotional and marketing materials, including on social media and any websites.

2.     All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, Defendants' lack of attribution, and each Defendant's profits attributable to their infringements;

3.     Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter, to the extent available under the law;

4.     Any other relief authorized by law, including punitive and exemplary damages; and

5.     For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated July 9, 2021

Respectfully submitted,

MᴄCᴜʟʟᴏᴄʜ Kʟᴇɪɴᴍᴀɴ Lᴀᴡ

By: _____

Kevin P. McCulloch
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
Kevin@mkiplaw.com

*Attorney for Plaintiff*